IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS BAIRD                          :        CIVIL ACTION
                                      :
        V.                            :
                                      :        04-5241
JO ANNE B. BARNHART,                  :
COMMISSIONER OF SOCIAL                :
SECURITY ADMINISTRATION               :

## MEMORANDUM AND ORDER

**Baylson, J.**                                          **August 24, 2005**

**1.      Introduction**

Plaintiff Thomas Baird has brought this action under 42 U.S.C. § 1383(c)(3), which

incorporates 42 U.S.C. §405(g), seeking judicial review of the Commissioner of Social

Security's decision denying his claims for disability insurance benefits and supplemental security

income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433,

1381-1383f.  The parties have filed cross-motions for summary judgment.

**II.      Background**

Plaintiff protectively filed applications for benefits on February 23, 2001, alleging

disability as of November 19, 1999, due to hepatitis C, right knee problems, and osteoarthritis of

the left elbow.  The applications were denied on July 26, 2001.  Plaintiff requested a hearing, and

after two scheduled hearings were postponed to allow Plaintiff to secure counsel, a hearing was

held before Administrative Law Judge Alan Sacks (the "ALJ") on May 26, 2003.  At the hearing,

Plaintiff amended the alleged onset date of his disability to February 1, 2001.  The ALJ issued a

decision denying Plaintiff's applications on June 4, 2003.  Plaintiff sought review by the Appeals

1

Council, which denied the request for review on September 7, 2004.  Plaintiff then proceeded to federal court, filing the complaint in this action on November 10, 2004.

While finding that Plaintiff has the severe impairments of hepatitis C infection and post-traumatic arthritis of the left arm at the elbow and wrist, the ALJ's decision concluded that, at all relevant times, Plaintiff has retained the residual functional capacity ("RFC")[1] to engage in his prior relevant work as an auto salesman and to make an adjustment to work available in significant numbers in the regional and national economies, and was therefore not disabled as that term is defined in the Social Security Act and regulations.  (ALJ Dec'n, p. 12; Admin. Rec., p. 26).

Plaintiff argues for reversal or remand on several grounds: (1) that the ALJ committed an error of law by failing to classify Plaintiff's injuries to his right knee and right upper extremity, his chronic obstructive pulmonary disease ("COPD"), and his bipolar disorder as severe impairments; (2) that the ALJ's finding that Plaintiff has the residual functional capacity to perform a range of light work is not supported by substantial evidence; (3) that the ALJ failed to include all of Plaintiff's exertional and nonexertional limitations in the hypothetical posed to the vocational expert, and failed to include Plaintiff's mental limitations in his residual functional capacity determination; (4) that the ALJ's finding that Plaintiff had the ability to return to his prior relevant work as an automobile salesman and to perform other work that exists in significant numbers in the local and national economies was not supported by substantial evidence; and (5) the ALJ's finding that Plaintiff's statements regarding his impairments were

---

[1]"Residual functional capacity" is defined in the regulations as "what a [claimant] can still do despite his limitations."  20 C.F.R. §416.945(a).

not entirely credible is not supported by substantial evidence.

**III.   Legal Standard**

The Court must review the record to determine whether substantial evidence supports the ALJ's decision.  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).  The factual findings of the ALJ are accepted as conclusive, provided they are supported by substantial evidence. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).  "Substantial evidence has been defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quotations and citations omitted).  The Court must not "weigh the evidence or substitute [its own] conclusion for those of the fact-finder."  Rutherford, 339 F.3d at 552 (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).

**IV.   Discussion**

To be eligible for benefits, Plaintiff must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2000).  The ALJ evaluates applications for benefits under the five-step process of 20 C.F.R. §§404.1520, 416.920.  The ALJ must consider: (1) whether the claimant is working, (2) whether he has a severe impairment, (3) whether his severe impairment meets or medically equals a listed impairment, (4) whether he has the residual functional capacity to return to past relevant work, and (5) whether he can make an adjustment to other available work.  Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004).

Plaintiff's arguments for remand challenge the ALJ's determinations at the second,

3

fourth, and fifth steps of the analysis.  As to the second step, the ALJ found that Baird had two

severe impairments -- Hepatitis C and post-traumatic arthritis of the left arm at the wrist and

elbow. (ALJ's Dec'n, p. 6; Admin. Rec., p. 20).  Plaintiff contends that the ALJ's failure to

classify Plaintiff's injuries to his right knee and right upper extremity, his chronic obstructive

pulmonary disease ("COPD"), and his bipolar disorder as severe impairments necessitates

reversal.  _____

_____The Commissioner argues that the ALJ properly determined that these impairments were

not severe because they had no more than a minimal effect on Plaintiff's physical or mental

ability to perform basic work activities.  The Commissioner cites Social Security Ruling 85-28

("SSR 85-28"), which states that "the severity requirement cannot be satisfied when medical

evidence shows that the person has the ability to perform basic work activities, as required in

most jobs."  These basic work activities include "walking, standing, sitting, lifting, pushing,

pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying

out, and remembering simple instructions; use of judgment, responding appropriately to

supervision, coworkers, and usual work situations; and dealing with changes in a routine work

setting."  Id.

       To make this determination, the ALJ must perform "a careful evaluation of the medical

findings which describe the impairment(s) and an informed judgment about its (their) limiting

effects on the individual's physical and mental ability(ies) to perform basic work activities."  Id.

At this step, "the medical evidence alone is evaluated in order to assess the effects of the

impairment(s) on ability to do basic work activities."  Id.  SSR 85-28 also states that "[g]reat care

should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to

4

determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." Id.

_____Here, substantial evidence supports the ALJ's decision that Plaintiff's only severe impairments were his Hepatitis C and post-traumatic arthritis of the left arm at the wrist and elbow.  The ALJ considered the medical evidence of Plaintiff's other impairments and made an informed judgment as to the limiting effects of those impairments on Plaintiff's physical and mental ability to perform basic work activities.  As to Plaintiff's right knee and right upper extremity, the ALJ considered the medical evidence that, since December, 2000, Plaintiff suffered from a meniscal tear and other degeneration of the right knee and tendinosis with other degeneration of the right shoulder, and that Plaintiff has complained of pain in these locations. The ALJ also considered evidence that, other than the left arm, results of clinical examination after the wounds healed were generally normal.  The ALJ also relied on the testimony of Dr. Stanley Askin, an orthopedic surgeon who appeared as an independent medical expert, in which Dr. Askin concluded that Plaintiff had no other severe orthopedic impairments beyond the degeneration of the left elbow and the fracture of the left wrist.  (ALJ Dec'n, p. 3; Admin. Rec., p. 17, Hearing Trans. p. 47-48; Admin. Rec. 99-100).  The Court finds that substantial evidence supported the ALJ's determination that Plaintiff injuries to his right knee and right upper extremity were not severe impairments.

The ALJ's decision that the evidence in the record of chronic obstructive pulmonary disease ("COPD") did not demonstrate an impairment of the severity required was also supported by substantial evidence.  Plaintiff argues that even someone who experiences mild COPD could

5

be expected to have more than slight difficulties working around dust, fumes, odors, wetness, humidity, and other environmental conditions.  The ALJ's finding, however, is supported by evidence that an April, 2001 CAT Scan of Plaintiff's abdomen showed only mild changes in the lungs attributable to COPD, and that the record does not demonstrate any complaints of difficulty in breathing since the alleged onset date, and Plaintiff did not make any such complaints at the hearing.  Substantial evidence therefore supports the ALJ's determination that whatever mild changes in the lungs Plaintiff suffered did not constitute a severe impairment.

_____Likewise, substantial evidence supported the ALJ's determination that Plaintiff's bipolar disorder was not a severe impairment.  Plaintiff argues that his bipolar disorder would create more than a slight or mild limitation in responding appropriately to supervision, coworkers, and usual work situations.  The ALJ's decision, however, considered the evidence on record and Plaintiff's testimony at the hearing, and found that Plaintiff substance abuse and related bipolar disorder resulted in no limitation of his activities of daily living, only mild limitation of his social functioning, and only mild limitation in concentration, persistence and pace.

The evidence supporting these conclusions included Plaintiff's own testimony at the hearing that he can perform all household chores and his representation to Dr. Thakarar at the consultative examination that he can perform all activities of daily living.  The ALJ also noted that Plaintiff maintains his grooming and hygiene, uses public transportation without assistance, reads, watches television and occasionally attends church.  As to his social functioning, Plaintiff testified that he gets along with others and can follow rules and take orders, and offered legitimate reasons for his feelings of "paranoia" due to being the victim of multiple assaults, and for his feelings that some colleagues at work were "against him," which he attributed to hostility

6

because of his superior performance.  As to concentration, persistence and pace, the ALJ noted

that Plaintiff watches sporting events on television without difficulty in maintaining

concentration, and that record did not otherwise establish any problem with concentration or

memory.  Plaintiff did state that he hears voices, but this apparently was a recent development.

(ALJ's Dec'n, p. 5; Admin. Rec., p. 19).  As to episodes of decompensation, the ALJ found one

such episode in May, 2002, when for three or four days Plaintiff's mental symptoms affected his

functioning.  (ALJ's Dec'n, p. 6; Admin. Rec., p. 20).  These findings were supported by

substantial evidence and did not require a finding that Plaintiff's mental impairment was severe.

_____At the fourth step of the analysis, Plaintiff challenges the ALJ's finding that Plaintiff has

the residual functional capacity to perform "light work that only occasionally requires the left

arm for pushing, pulling and overhead use." (ALJ's Dec'n, p. 12; Admin. Rec., p. 26).  Plaintiff

specifically points to Dr. Thakarar's residual functional capacity assessment, which limited

Plaintiff to standing and walking no more than three to four hours a day, (Admin. Rec., p. 246)

whereas the full range of light work requires standing or walking, off and on, for approximately

six hours of an eight-hour workday.  SSR 83-10.

The ALJ's decision, however, while it considered and relied upon Dr. Thakarar's report,

considered Dr. Thakarar's report in conjunction with the report of Dr. Simmons, the state agency

consultant.  After considering the evidence in Plaintiff's file, Dr. Simmons concluded that

Plaintiff could stand and/or walk for a total of six hours in an eight-hour workday.  While Dr.

Simmons's conclusion is not identical to Dr. Thakarar's, the ALJ's decision clearly weighed both

doctors' opinions, as well as the testimony of Dr. Askin, and concluded that Plaintiff was capable

of light work, as long as it required only occasional use of the left arm for pushing, pulling and

overhead use.  This conclusion is supported by substantial evidence.

Plaintiff also argues that the ALJ failed to include all of Plaintiff's exertional and nonexertional limitations in the hypothetical posed to the vocational expert ("VE") regarding Plaintiff's ability to return to his prior relevant work, given his residual functional capacity.  The ALJ's questioning of the vocational expert, Mr. Bruce Martin, upon which the ALJ relied to determine that Plaintiff could return to his prior relevant work as an auto salesman was the following:

ALJ:   I'm going to ask you some hypothetical questions.  For each of these, I'd like you to assume someone of this Claimant's age, education, and other relevant background . . . . Now let's take the State Agency assessment for light work.  Let's add to that Dr. Askin's proposal to, let's say, occasional pushing and pulling of the left arm, which in this case is the dominant arm.

And let me just ask the Claimant one question before I complete the hypothetical.  Mr. Baird, can you raise your left arm over your shoulder?  Can you reach up, say, a shelf above your head and pull something down?

CLMT:   It would be – I don't think I can reach that high.

ALJ:   Okay.  And does it bother you to do that?

CLMT:   I can feel it.  It's just like a big – it feels from here to here.  It just feels –

ALJ:   Okay.  So let's also say only occasional overhead lifting.  I'm sorry.  Overhead use of the left arm.  Would such a person be able to engage in this Claimant's prior work?

VE:   Yes.

(Hearing Trans., p. 52-53; Admin. Rec., p. 104-05).  Plaintiff argues that the question should have included: (1) the need for the option to alternative between sitting and standing; (2)

8

Plaintiff's limitation in the use of his right upper extremity for reaching and handling; (3) limitations in Plaintiff's use of his left upper extremity for lifting, carrying, reach, handling, and fingering; (4) the fatigue caused by Plaintiff's hepatitis C and as a side effect of the medication, Interferon, which Plaintiff took to treat the hepatitis; (5) environmental restrictions regarding smoke, dust, fumes, and odors due to Plaintiff's mild chronic obstructive pulmonary disease; and (6) Plaintiff's mental limitations due to bipolar disorder.

      In Ramirez v. Barnhart, 372 F.3d 546 (3d. Cir. 2004), the Third Circuit found that the ALJ's decision was not supported by substantial evidence when the ALJ's hypothetical question to the vocational expert did not accurately convey all of claimant's impairments and limitations caused by those impairments.  Ramirez specifies, however, that the hypothetical need only reflect all of a claimant's impairments "that are supported by the record," id. at 552 (quoting Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)), and in a recent opinion clarifying this language, the Third Circuit noted that "[w]e do not require an ALJ to submit to the vocational expert every impairment *alleged* by a claimant."  Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). Instead, the ALJ "must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." Id.

      Here, the ALJ's failure to include in the hypothetical the further limitations alleged by Plaintiff does not require remand, because the ALJ properly decided to include only those limitations that he found credibly established by the record.  Therefore, here, as in Rutherford, the Court finds that the limitations that the Plaintiff asserts were improperly excluded from the hypothetical posed to the vocational expert "were reasonably discounted by the ALJ, so that the hypotheticals submitted to the vocational expert included all of the limitations credibly

established by the record." Id. at 555. The responses of the vocational expert thus constituted substantial evidence, and the ALJ was not in error to rely upon them in making his determination that Plaintiff could return to his prior relevant work.

Plaintiff also contends that, generally, the ALJ's finding that Plaintiff had the ability to return to his past relevant work as an automobile salesman and to perform other work that exists in significant numbers in the local and national economies was not supported by substantial evidence.[2] Plaintiff's contentions in this regard are repetitive of the arguments already discussed, with the exception of Plaintiff's assertion that the vocational expert's testimony conflicted with information contained in the Dictionary of Occupational Titles ("DOT"). Plaintiff finds the discrepancies, however, by relying on the residual functional capacity report of Dr. Thakarar, and not on the ALJ's findings as to Plaintiff's limitations, which the Court has already found were supported by substantial evidence in the record. Plaintiff's contention is thus unfounded.

Plaintiff's final argument is that the ALJ's findings that Plaintiff's statements regarding his impairments were not entirely credible is not supported by substantial evidence. The Court finds to the contrary that the ALJ's detailed discussion of the bases for his finding that Plaintiff's testimony is "less than entirely credible" comports with the requirements for such assessments set forth in SSR 96-7p and 20 C.F.R. §404.1529. (ALJ's Dec'n, p. 7-9; Admin. Rec., p. 21-23). SSR 96-7p directs the ALJ to make such determinations by considering the objective medical

---

[2]The ALJ considered as a hypothetical scenario the case in which the claimant were found to be incapable of performing his past work due and concluded that Plaintiff would still not fulfill the definition of disabled, because the Social Security Administration had met its burden of showing that there are other jobs existing significant numbers in the regional and national economies to which Plaintiff could make a successful vocational adjustment. (ALJ's Dec'n, p. 11; Admin. Rec., p. 25). As this determination was not the basis upon which the ALJ's decision concluded that Plaintiff was not disabled, it will not be addressed here.

evidence, as well as the following factors:

    1. The individual's daily activities;
    2. The location, duration, frequency, and intensity of the individual's pain or
    other symptoms;
    3. Factors that precipitate and aggravate the symptoms;
    4. The type, dosage, effectiveness, and side effects of any medication the
    individual takes or has taken to alleviate pain or other symptoms;
    5. Treatment, other than medication, the individual receives or has received for
    relief of pain or other symptoms;
    6. Any measures other than treatment the individual uses or has used to relieve
    pain or other symptoms . . . ; and
    7. Any other factors concerning the individual's functional limitations and
    restrictions due to pain or other symptoms.

SSR 96-7p. The ALJ considered these factors, as relevant to Plaintiff's case, and also properly

considered inconsistencies in Plaintiff's account, as well as inconsistencies between Plaintiff's

account and evidence in the record. SSR 96-7p. The Court therefore finds that the ALJ's

credibility determination was supported by substantial evidence.

**V.**    <u>**Conclusion**</u>

    For the foregoing reasons, and after review of the parties' briefs and the administrative

record, the Court denies Plaintiff's motion for summary judgment, and grants Defendant's

motion for summary judgment.

    An appropriate order follows.


A:\04-5241, Baird v. Barnhart, Memo and Order.wpd

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS BAIRD                          :          CIVIL ACTION
                                      :
              V.                      :
                                      :          04-5241
JO ANNE B. BARNHART,                  :
COMMISSIONER OF SOCIAL                :
SECURITY ADMINISTRATION               :


**O R D E R**

               AND NOW, this 24th day of August, 2005, upon consideration of Plaintiff's

Motion for Summary Judgment (Docket No. 5), and Defendant's Motion for Summary Judgment

(Docket No. 6), it is hereby ORDERED that Plaintiff's motion is DENIED, and Defendant's

motion is GRANTED.  The Clerk shall mark this case CLOSED.


                              BY THE COURT:


                               /s/ Michael M. Baylson
                              MICHAEL M. BAYLSON, J.